# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      **Plaintiff,**

vs.                                                          No. M 01-4473 LCS

DAVID WORTHAM,

      **Defendant.**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THIS MATTER** came on for trial on August 29, 2001 before the Honorable Leslie C. Smith, United States Magistrate Judge. The Court, after hearing all of the evidence, arguments of counsel and considering the relevant law thus makes the following findings of fact and conclusions of law.

1.      The Defendant in this case has been charged with violating 18 U.S.C.A. §1382, entering White Sands Missile Range, NM, a federal military installation, without permission and in violation of the "No Trespassing" signs to shoot and then retrieve an oryx. At trial, Defendant Wortham argued in defense that although he did in fact trespass onto White Sands Missile Range, he did so as a necessity in order to kill an oryx which was already injured by a previous shot.[1]

2.      With regard to the necessity defense, federal courts have erected a barrier of evidentiary requirements that must be met by the defendant. The cases have articulated these requirements as a four-prong test, requiring the defendant to present evidence sufficient to support a finding: (1) that he [defendant] was faced with a choice of evils and chose the lesser evil; (2) that

---

[1]      The Defendant quotes Ernest Hemingway in his brief suggesting that the moral pulse of society would allow trespassing in order to ease the suffering of a dying animal.

he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law. *See United States v. Aguilar*, 883 F.2d 662, 693 (9th Cir. 1989) (*citing United States v. Dorrell*, 758 F.2d 427, 430-31 (9th Cir. 1985)); *see also United States v. Duclos*, 214 F.3d 27, 33 (1st Cir.2000)*; United States v. Turner*, 44 F.3d 900, 902 (10th Cir.1995); *United States v. Seward*, 687 F.2d 1270 (10th Cir. 1982).

3.      Historically, courts applied the common law necessity defense almost exclusively to situations where the actor faced imminent death or bodily harm to himself or a third <u>person</u>. *See United States v. Kroncke*, 459 F.2d 697, 701 (8th Cir. 1972). The common thread running through most of the cases cited in this opinion as well as the Defendant's brief is that there was a reasonable belief on the part of the defendant that it was necessary for him to act to protect his life or health, or the life or health of others, from direct and immediate peril. None of the cases even suggests that the defense of necessity would be permitted for alternative reasons which do not involve the safety of human beings.

4.      Even if the courts defined "imminent harm" to include the safety of injured animals, Wortham's argument also fails because he has not established that his actions would bring about the end result he sought. "An essential element of the so-called justification defenses is that a direct causal relationship be reasonably anticipated to exist between the defender's action and the avoidance of harm." *See United States v. Simpson*, 460 F.2d 515, 518 (9th Cir.1972). In this case, Wortham did not act in accordance with his defense. He failed to take the oryx' life with the second shot. Instead, he shot the animal in the spine rendering it virtually paralyzed. The oryx apparently died a painful death, in all likelihood suffering attacks from coyotes and other predators.

5.      Therefore, I am unconvinced by the Defendant's necessity defense. Since the Defendant has admitted to trespassing onto White Sands Missile Range, I find him **GUILTY** of trespass contrary to 18 U.S.C.A. §1382.

6.      Sentencing is set for **TUESDAY, NOVEMBER 6, 2001 at 9:00 a.m.** before **UNITED STATES MAGISTRATE JUDGE LESLIE C. SMITH  IN THE FIRST FLOOR COURTROOM, U.S. DISTRICT COURTHOUSE, 200 EAST GRIGGS AVENUE, LAS CRUCES, NM 88001.**

**IT IS SO ORDERED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**